UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re Application of
**BANCO SANTANDER (BRASIL) S.A.,**

**22-MC-00022 (ALC)(SN)**

For an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign Proceedings.

**OPINION AND ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

On January 24, 2022, Applicant Banco Santander (Brasil) S.A. submitted an *ex parte* petition for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding in Brazil (the "Foreign Proceeding"). ECF No. 1. Applicant seeks leave to serve subpoenas on: Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York Branch; HSBC Bank USA, N.A.; BNP Paribas USA; JP Morgan Chase Bank, N.A., Barclays Bank PLC; Bank of America, N.A.; Wells Fargo Bank, N.A.; and The Clearing House Payments Company LLC (together, the "Respondents"). Applicant also seeks leave to proceed *ex parte* and a waiver of service of the petition and the Court's Order on other interested parties. Judge Carter has referred the petition to me. ECF No. 9. The petition is GRANTED.

**DISCUSSION**

**I.      Section 1782 Application**

   **A.  Legal Standard**

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any

interested person." Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted). Courts routinely grant such petitions *ex parte*. Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." In re Catalyst Managerial Servs., DMCC, 680 F. App'x 37, 38-39 (2d Cir. 2017) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004)) (internal quotation marks omitted).

A § 1782 application is non-dispositive and may be decided by a magistrate judge by opinion and order, rather than a report and recommendation to the district court. See In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019) ("This Court agrees with the majority of courts finding that rulings on § 1782 applications are *not* dispositive." (emphasis in original) (citations omitted)). Since Judge Carter has referred the *ex parte* application to me, see ECF No. 9, it is appropriate that I decide the application. See In re Atvos Agroindustrial Investimentos S.A., 481 F. Supp. 3d 166, 174-75 (S.D.N.Y. 2020) (finding same).

B. Application

Applicant has met all three statutory requirements of § 1782. First, Applicant avers that all Respondents reside in this district and that the discovery sought results from Respondents'

contacts with this District. ECF No. 3 (Vandenabeele Decl.) ¶¶ 9-19, 23-32; ECF No. 2 (Vieira Decl.) ¶ 40; see In re Investbank PSC, No. 20-mc-260 (AT), 2020 WL 8512850, at *1 (S.D.N.Y. Dec. 30, 2020) (finding each of the Respondents to reside in this district). Second, Applicant has established that it intends to use the discovery in a "pending proceeding before the court of São Paulo in Brazil" to support additional civil claims of fraudulent conveyance and piercing the corporate veil. Vieira Decl. ¶ 2; see id. ¶¶ 13-21, 38-42. Such "a proceeding in a foreign or international tribunal" is expressly contemplated by 28 U.S.C. § 1782(a). Mees, 793 F.3d at 299 ("[A]pplicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase [its] chances of success."); see In re Atvos Agroindustrial Investimentos S.A., 481 F. Supp. 3d at 175 ("It is not incumbent on this Court 'to predict or construe the substantive law' in Brazil in order to determine if the discovery sought by Applicant will be admissible in a Brazilian court. Rather, '[i]t is sufficient that the evidence will be offered' by Applicant in the proceedings." (citations omitted) (alteration in original)). Third, Applicant is the plaintiff in the Foreign Proceeding and is therefore an interested party. Vieira Decl. ¶¶ 2, 3, 13, 15.

Additionally, I find that each of the discretionary factors also weigh in favor of authorizing the subpoena. First, Applicant claims it has no reason to believe that Respondents will be participants in the contemplated proceeding. Vieira Decl. ¶ 43. Second, there is no indication that the Civil Court of São Paulo would be unreceptive to the discovery requests or that the evidence sought would likely be inadmissible. Id. ¶ 44. "Absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1102 (2d Cir. 1995). A court should deny discovery on the basis of lack of

receptiveness only where it is provided with "authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." Id. at 1100. No such proof has been provided. Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions imposed by Brazilian law or otherwise seeking the discovery in bad faith. Vieira Decl. ¶ 44. Finally, the subpoenas Applicant proposes are not unduly intrusive or burdensome. See ECF No. 1 Ex. A (sample subpoenas).

Based on Applicant's satisfaction of the statutory and discretionary factors, the § 1782 petition is GRANTED.

## II. Waiver of Service

Applicant requests a waiver of service of its application on the Foreign Proceeding Defendants, the Respondents, and the persons to whom the discovery sought relates (defined as the "Discovery Targets" in Vieira Decl. ¶ 41) because notice could provide an opportunity to conceal or destroy evidence. Vieira Decl. ¶¶ 46-47. For similar reasons, Applicant further requests that, if the Court grants its application, that it not be required to serve the Foreign Proceeding Defendants or the Discovery Targets with the Court's Order or the subpoenas issued to the Respondents.

Although Federal Rule of Civil Procedure 45 requires service of third-party subpoenas on parties to the underlying litigation, it is within the Court's authority to "prescribe otherwise." 28 U.S.C. § 1782(a). Here, "the chance that the [Foreign Proceeding Defendants or Discovery Targets] will tamper with evidence upon notice of the Petition justifies an exception to Rule 45's notice requirement." In re Investbank PSC, 2020 WL 8512850, at *2; see In re Hornbeam Corp., No. 14-mc-424 (VSB), 2015 WL 13647606, at *5 n.14 (S.D.N.Y. Sept. 17, 2015), aff'd, 722 F. App'x 7 (2d Cir. 2018) ("Of course, where countervailing interests support a party's need to take

discovery in secret, a district court can always . . . order, pursuant to 28 U.S.C. § 1782(a), that discovery *not* be taken in accordance with the Federal Rules" (emphasis in original)). Providing notice of the petition and this Order would prejudice Applicant. On the other hand, lack of notice would not prejudice the Foreign Proceeding Defendants, the Discovery Targets, or the Respondents. The Foreign Proceeding Defendants, against whom the sought discovery is likely to be used, can adjudicate the admissibility of any evidence at the appropriate time regardless of whether notice is given. Vieira Decl. ¶¶ 47-49. Accordingly, Applicant's request for a waiver of notice is GRANTED.

## CONCLUSION

Applicant's petition is GRANTED, and it shall serve this Order upon the Respondents along with the subpoenas. Every 30 days, Applicant shall file a status letter with the Court describing the status of its subpoenas and whether discovery is sufficiently complete to permit service on the Foreign Proceeding Defendants.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 1.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    April 6, 2022
          New York, New York